IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RACHAEL ELAINE HAMILTON,** § | | |
| *Plaintiff* § | | |
| § | **CIVIL ACTION NO.** | |
| v. § | **4:21-cv-02039** | |
| § | | |
| § | **JURY DEMANDED** | |
| § | | |
| **NUTRIBULLET, LLC, CAPITAL** § | | |
| **BRANDS, LLC, HOMELAND** § | | |
| **HOUSEWARES, LLC, AND CAPITAL** § | | |
| **BRANDS DISTRIBUTION, LLC,** § | | |
| *Defendants* § | | |

**COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, **RACHAEL ELAINE HAMILTON**, in this Complaint seeking damages from Defendants, would show the following:

**I.
NATURE OF THE CASE**

This is a products liability case in which Plaintiff contends that on April 12, 2020, she suffered serious and disfiguring injuries when the Nutribullet food blender designed, manufactured, marketed, and sold by Defendants, exploded ejecting scalding hot liquid into Plaintiff's face, neck, hands, and body.

**II.
PARTIES**

Plaintiff, **RACHAEL ELAINE HAMILTON**, is and was, at the time of the occurrence, a resident of Pearland in Fort Bend County, Texas.

Defendant, **NUTRIBULLET, LLC**, is a California domestic limited liability corporation with its principal place of business at 11601 Wilshire Blvd. in Los Angeles, Los Angeles County, California 90025-1759.  Nutribullet, LLC is a wholly owned subsidiary of Capital Brands, LLC.  Defendant, Nutribullet, LLC **may be served with process by serving its registered agent, to wit, Mark Suzumoto, at 11601 Wilshire Blvd., 23rd Floor, Los Angeles, California 90025.**

Defendant, **HOMELAND HOUSEWARES, LLC**, is a California limited liability corporation with its principal place of business at 11601 Wilshire Blvd. in Los Angeles, Los Angeles County, California 90025-1759, **which may be served with process by serving its registered agent, to wit, Mark Suzumoto, at 11601 Wilshire Blvd., 23rd Floor, Los Angeles, California 90025.**

Defendant, **CAPITAL BRANDS, LLC**, is a California limited liability corporation with its principal place of business at 11601 Wilshire Blvd. in Los Angeles, Los Angeles County, California 90025-1759 **which may be served with process by serving its registered agent, to wit, Mark Suzumoto, at 11601 Wilshire Blvd., 23rd Floor, Los Angeles, California 90025.**

Defendant, **CAPITAL BRANDS, DISTRIBUTION, LLC**, is a California limited liability corporation with its principal place of business at 11601 Wilshire Blvd. in Los Angeles, Los Angeles County, California 90025-1759 **which may be served with process by serving its registered agent, to wit, Mark Suzumoto, at 11601 Wilshire Blvd., 23rd Floor, Los Angeles, California 90025.**

### III.
### JURISDICTION & VENUE

This court has subject matter jurisdiction over this case pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and court cost, and there is complete diversity of citizenship between the parties.

Venue is proper in this court pursuant to 28 U.S.C. § 1391 in that all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within the Southern District of Texas.

Venue is also proper in this court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of Texas and intentionally availed themselves of markets and consumers within the State of Texas, which included Plaintiff, through its promotion, distribution, and sale of the Nutribullet blender in Texas despite Defendants' knowledge of the unreasonable danger posed by the product.

## IV.
## FACTS & CAUSE OF ACTION

On or about August 17, 2019, Plaintiff purchased a 900 series Nutribullet blender in reliance on Defendants' advertisement representing the product to be safe and effective for its intended purpose, e.g., the blending of solid foods to form a liquid drink. On April 10, 2020, while using the product in the manner directed by the instructions provided by Defendants, the product exploded spewing scalding liquid onto Plaintiff's face, neck, hands, arms, and body causing permanent and painful disfigurement.

**DESIGN DEFECT:**

Plaintiff contends that each Defendant, acting separately and/or in concert, did develop and design the product in question, deliberately incorporating in its design the foreseeable explosion hazard caused by the extreme heat produced during normal use.

Plaintiff specifically contends that there is and was a safer alternative design that did not contain the explosion hazard that caused Plaintiff's injury, and would have prevented or significantly reduced the risk of the explosion injury without substantially impairing the product's utility, and said alternative design was economically and technologically feasible at the time the product left the Defendants' control by the application of existing or reasonably achievable scientific knowledge. This defect was a producing cause of Plaintiff's injury and damage.

**MARKETING DEFECT/FAILURE TO ADEQUATELY WARN:**

Plaintiff also contends that there was a defect in the warnings and/or instructions provided by Defendants with the product which included a failure to provide an adequate warning of the product's explosion danger while using the product as it was intended by Defendants to be used.

Long before Plaintiff purchased the product, Defendants were well aware of the explosion hazard having received a literal flood of such complaints beginning as long ago as October 2011. The explosion complaints continued up until 2019 when Plaintiff purchased her exploding Nutribullet, yet Defendants made no effort to warn

its consumers, recall the product, or replace the warning with one that provided a clear and conspicuous explanation of the hazard and the means to avoid it.

Plaintiff contends that Defendants' failure to provide an adequate warning made their Nutribullet blender unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics. This defect was also a producing cause of Plaintiff's injury and damage.

### **NEGLIGENCE:**

Plaintiff also contends that Defendants acting separately and in concert, failed to exercise ordinary care by failing to do what a company or corporation of ordinary prudence would have done under the same or similar circumstances. Plaintiff specifically contends that Defendants, after being made aware of their product's explosion hazard, should have taken reasonable measures to notify the public, its customers, and retailers and provide an adequate warning and/or issue a recall in order to protect the public.

Defendants were also negligent in failing to test or require the product to be subjected to a reasonable series of tests designed and intended to determine the product's safety in everyday use before marketing the product for public use. These acts of negligence on the part of Defendants were a proximate cause of Plaintiff's injury and damage.

### **MISREPRESENTATION BY DEFENDANTS**

Plaintiff additionally contends that Defendants misrepresented the safety of the product to the public and to Plaintiff. Defendants specifically and implicitly represented that the product, when used as directed, was safe for its intended purpose, e.g., for use as a food blender. Defendants continued to publish this misrepresentation for a period of several years after becoming aware of the defect and prior to the explosion that caused Plaintiff's injury.

## V.
## DAMAGES

As a direct, proximate, and producing result of Defendants' above mentioned conduct, Plaintiff has suffered the following injury and damage:

a) Physical injury consisting of first, second, and third degree burns to Plaintiff's face, neck, arms, and hands which have caused physical pain and suffering in the past and future;

b) Medical expenses paid or incurred in the past and reasonably probable future medical expense;

c) Mental anguish in the past and future;

d) Disfigurement and the resulting embarrassment, shame, and humiliation suffered in the past and future;

e) Physical impairment in the past and future; and

f) The loss of income and/or wages as well as a loss of or reduction in Plaintiff's wage earning capacity.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be served and cited to appear and answer, and following trial on the merits, that

judgment be rendered in favor of Plaintiff and against Defendants jointly and severally for the following:

a) All actual damages supported by the evidence;

b) Pre-judgment and post-judgment interest; and

c) The taxable cost of this action.

RESPECTFULLY SUBMITTED,

**S. A. RANDLE & ASSOCIATES, P.C.**

       */s/  Sarnie A. Randle, Jr.*
       **SARNIE A. RANDLE, JR.**
State Bar No. 16525500
FBN:   5346
Chase Bank Building
5177 Richmond Avenue, Suite 635
Houston, Texas 77056
SAR@RandleLaw.com
(713) 626-8600
(713) 626-8601 [fax]
ATTORNEY FOR PLAINTIFF,
RACHAEL ELAINE HAMILTON