Case 4:21-cv-02039  Document 59  Filed on 07/12/23 in TXSD  Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHAEL ELAINE HAMILTON, | § § | CIVIL ACTION NO 4:21-cv-02039 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| NUTRIBULLET LLC, *et al*, | § § § | |
| Defendants. | § | |

OPINION AND ORDER
GRANTING SUMMARY JUDGMENT IN PART

The motion by Defendants Nutribullet LLC, *et al*, for summary judgment is granted in part and denied in part. Dkt 29.

This is a product-liability action. Plaintiff Rachael Elaine Hamilton alleges that her 900 series Nutribullet blender overheated and spewed scalding contents on her face, neck, hands, arms, and body. She originally brought claims for design defect, marketing defect, negligence, and misrepresentation. Dkt 2 at 3–6. As to design defect, she sponsored two alternative designs that she says would have prevented her injury—either a one-minute shut-off device or a pressure-relief valve.

Defendants Nutribullet LLC, *et al*, moved for summary judgment. Dkt 29. At a hearing on the motion, summary judgment was granted as to the marketing-defect claim. It was also granted as to the design-defect claim insofar as it related to the one-minute shut-off device. Decision was reserved on that claim as to the pressure-relief valve.

Decision was also reserved on the claims for negligence and misrepresentation. Dkt 53.

The motion for summary judgment is now denied as presented with respect to the design-defect claim. Hamilton has sponsored evidence creating fact issues concerning each element of this claim as it relates to the pressure-relief valve. See Tex Civ Prac & Rem Code § 82.005(a); see also *Goodner v Hyundai Motor Co*, 650 F3d 1034, 1040 (5th Cir 2011) (listing elements). This includes evidence that the alternative design of a pressure-relief valve is both technologically and economically feasible. For example, see Dkt 29-3 at 23.

The motion is also granted in part as to the negligence claim.

Aspects of this claim are essentially indistinguishable from the manufacturing-defect claim, upon which summary judgment has already been entered. The pending motion is thus granted on the negligence claim to the extent it complains of defects in the warnings on the blender. See *Toshiba International Corp v Henry*, 152 SW3d 774, 784 (Tex App—Texarkana 2004, no pet).

Other aspects of this claim touch on the design-defect claim, upon which summary judgment has also been granted in part. The motion is thus granted in part as to the corresponding negligence claim to the extent the claim relates to the proposed alternative design of a one-minute shut-off device. It is denied to the extent it relates to the proposed alternative design of a pressure-relief valve, upon which Hamilton has mustered at least some evidence to create a fact issue on the exercise of ordinary care in the design of the product. For example, see Dkt 29-3 at 19, 24.

Finally, the motion is granted as to the misrepresentation claim. Hamilton didn't respond to arguments by Nutribullet on this claim. See Dkt 30. She thus forfeited the claim. See *Henderson v Wells Fargo Bank NA*, 974 F Supp 2d 993, 1017 (ND Tex 2013), citing *Black v North Panola School District*, 461 F3d 584, 588 n 1 (5th Cir

2006). In any event, she also sponsored no evidence to support the elements of this claim.

The motion by Defendants Nutribullet, *et al*, for summary judgment is GRANTED IN PART and DENIED IN PART. Dkt 29.

The claim for misrepresentation is DISMISSED, as is the claim for negligence to the extent it corresponds to both the claim for marketing-defect and the claim for design defect based upon a proposed alternative design of a one-minute shut-off device.

The claims for design defect and negligence will proceed to the extent they relate to the proposed alternative design of a pressure-relief valve.

The pending motion by Nutribullet to exclude expert testimony is now DENIED AS MOOT. Dkt 52; see also Dkt 51. It may be reasserted at an appropriate time, but only to the extent it bears on the remaining claims in this case.

The parties are also ORDERED to confer further about the possibility of settlement in light of this ruling. They must file a status report by August 11, 2023.

SO ORDERED.

Signed on July 12, 2023, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge

3